J-S26006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADRIAN K. AMARA | : | No. 126 MDA 2025 |
| Appellant | | |

Appeal from the Order Entered January 7, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006270-2015

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED: NOVEMBER 4, 2025**

Adrian K. Amara appeals, pro se, from the order, entered in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following trial, a jury convicted Amara of possession with intent to distribute (PWID), criminal conspiracy-PWID, and possession of drug paraphernalia.  The trial court sentenced Amara on June 21, 2017, to eleven to twenty-two years' imprisonment. Amara filed a timely post-sentence motion, which was denied. On appeal, this Court affirmed. **See Commonwealth v. Amara**, 1730 MDA 2017 (Pa. Super. filed April 10, 2019) (unpublished memorandum decision).  Amara did not seek allowance of appeal in the Pennsylvania Supreme Court.

Amara's first, timely PCRA petition was dismissed as meritless after counsel was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).  Amara did not appeal from that order of dismissal.

On January 21, 2022, Amara filed a second pro se PCRA petition, alleging that three members of the York County Drug Task Force who were involved in the investigation leading to his arrest and who offered evidence at his trial were subsequently dismissed for misconduct, and that this after-discovered evidence entitled him to a new trial.  **See** PCRA Petition, 1/21/22, at 41.  The PCRA court appointed counsel to file either an amended petition or a **Turner/Finley** no-merit letter.  Amara did not respond to counsel's withdrawal request or no-merit assessment.  On June 9, 2022, the PCRA court dismissed the petition without issuing a Pa.R.Crim.P. 907 notice of intent to dismiss.  **See** Order, 6/9/22.  The court adopted the reasoning of counsel's petition to withdraw as the basis for dismissal, and, by separate order entered the same day, granted that petition.  Amara appealed.  On appeal, this Court noted that:

> [Amara] had made the request to file an amended statement in the PCRA court on December 14, 2022, and that the PCRA court had entered an order on December 19, 2022, indicating that it lacked jurisdiction to consider it.  By order of December 30, 2022, this Court (1) denied [Amara's] application without prejudice for [Amara] to seek relief in the PCRA court, and (2) **directed the PCRA court to rule on the merits of [Amara's] December 14, 2022 petition within ten days.**

*Commonwealth v. Amara*, 943 MDA 2022 (Pa. Super. filed July 14, 2023) (unpublished memorandum decision), at 4 (emphasis added).  The PCRA court did not comply with this Court's order.  *Id.*  As such, this Court ordered as follows:

> (1) [Amara] shall file of record and serve upon the PCRA court an amended Rule 1925(b) statement within twenty-one days of the date of this order.  Any claims not asserted in the amended statement, including claims of ineffective assistance of PCRA counsel, are waived[;] (2) **[u]pon receipt of the amended statement, the PCRA court shall within thirty days supply an amended Rule 1925(a) opinion addressing any issues not covered by its prior opinion**[;] (3) [t]he Clerk of Courts shall thereafter promptly certify and transmit the supplemental record to this Court. Upon receipt of the above documents, we shall determine whether new briefs or further remand is necessary.

*Id.* at 5-6 (emphasis added).  The panel retained jurisdiction.  Thereafter, the PCRA court complied with this Court's order, and we addressed Amara's claims of whether the PCRA court erred in denying admission of after-discovered evidence and ineffectiveness of PCRA counsel.[1]  On collateral review, we found Amara's claims meritless and affirmed the PCRA court's order.  *See id.* at 10-18.  Amara did not file a petition for allowance of appeal to our Supreme Court.

On September 27, 2024, Amara filed a pro se notice of intent to serve

---

[1] We note that Amara's judgment of sentence became final in 2019 and that the petition before the Court was filed in 2022.  The PCRA court made no ruling on the timeliness of Amara's PCRA petition, but appeared to have accepted PCRA counsel's assessment that the petition was filed within one year of Amara discovering, upon the exercise of due diligence, the fact that members of the York County Drug Task Force were discharged for misconduct. *See* Petition to Withdraw, 6/6/22, at ¶¶ 24-32, Exhibits A-B.

a subpoena to produce documents. On October 28, 2024, Amara filed three pro se motions to compel (one directed to West Manchester Township Police Department, one directed to the Pennsylvania State Police, and one directed to Korey Leslie, Esquire). On November 14, 2024, Amara filed a pro se motion to compel directed to the York County District Attorney's Office. On January 7, 2025, the Honorable Kathleen J. Prendergast addressed these motions as a PCRA petition, denying Amara's requests. **See** Order, 1/7/25. **See also** 42 Pa.C.S.A. § 9542; **Commonwealth v. Fowler**, 930 A.2d 586 (Pa. Super. 2007) (all motions filed after judgment of sentence final to be construed as PCRA petitions).[2]

On January 24, 2025, Amara filed a pro se notice of appeal from the court's January 7 order. He now raises the following issues:

1. Did the PCRA court err in denying Amara's motions to compel?

2. Does a conflict of interest exist between the trial judge and Amara?

Appellant's Brief, at 6 (reworded for clarity).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final, except as otherwise provided by statute. **See** 42 Pa.C.S.A. § 9545(b)(1). As noted above, Amara did not seek review in the Pennsylvania Supreme Court from this Court's April 10, 2019 affirmance of his judgment of sentence. Therefore, Amara's judgment of sentence became final on May 10, 2019, when

---

[2] Amara's judgment of sentence became final on May 10, 2019. **See infra**, at 5.

the time to file a petition for allowance of appeal expired. ***See*** Pa.R.A.P. 1113(a) (30–day period for filing petition for allowance of appeal from entry of Superior Court order); 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Thus, Amara had until May 10, 2020 to file any and all PCRA petitions, unless he alleged and proved an exception to the one-year time requirement. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Amara has failed to do so.

Accordingly, we conclude that the PCRA court did not err in denying PCRA relief, as Amara's present petition, comprised of motions filed in September, October, and November of 2024, is untimely, and he has failed to prove that any statutory exception to the PCRA's time bar applies so as to permit review of the merits of his claims. ***See Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (PCRA's timeliness requirements "are mandatory and jurisdictional in nature," and such requirements may not be disregarded in order to reach merits of claims raised). ***See also Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (it is petitioner's burden to allege and prove that one of statutory exceptions applies). We, therefore, affirm the PCRA court's order.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/04/2025